UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALAN WALTER,

Plaintiff,

vs.

CSX TRANSPORTATION, INC.,

Defendant.

**ANSWER**

Civ. No.: 1:19-CV-01583 (WMS)

Defendant, CSX TRANSPORTATION, INC. (hereinafter "defendant")[1], by its attorneys, Nash Connors, P.C., as and for an answer to the plaintiff's complaint, hereby alleges the following upon information and belief:

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION:**

1. DENIES having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the complaint.

2. ADMITS, upon information and belief, the allegations contained in paragraph "2" of the complaint.

3. In response to paragraph "3" of the complaint, this answering defendant states that the action has been dismissed against the entity against which the allegations are addressed and, accordingly, no response is required; however, to the extent a response is deemed required, DENIES having knowledge or information sufficient to form a belief as to the allegations contained therein.

[1] By stipulation filed December 12, 2019, the action was discontinued against two originally defendants, CSX Corporation and CSX Intermodal Terminals, Inc., leaving CSX Transportation, Inc. as the only defendant.

4. In response to paragraph "4" of the complaint, this answering defendant states that the action has been dismissed against the entity against which the allegations are addressed and, accordingly, no response is required; however, to the extent a response is deemed required, DENIES having knowledge or information sufficient to form a belief as to the allegations contained therein.

5. DENIES having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the complaint.

6. DENIES having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the complaint.

7. In response to paragraph "7" of the complaint, this answering defendant states that the action has been dismissed against the entity against which the allegations are addressed and, accordingly, no response is required; however, to the extent a response is deemed required, DENIES having knowledge or information sufficient to form a belief as to the allegations contained therein.

8. In response to paragraph "8" of the complaint, this answering defendant states that the action has been dismissed against the entity against which the allegations are addressed and, accordingly, no response is required; however, to the extent a response is deemed required, DENIES having knowledge or information sufficient to form a belief as to the allegations contained therein.

9. In response to paragraph "9" of the complaint, this answering defendant states that the action has been dismissed against the entity against which the allegations are addressed and, accordingly, no response is required; however, to the extent a response is deemed required, DENIES having knowledge or information sufficient to form a belief as to the allegations

contained therein.

10. In response to paragraph "10" of the complaint, this answering defendant states that the action has been dismissed against the entity against which the allegations are addressed and, accordingly, no response is required; however, to the extent a response is deemed required, DENIES having knowledge or information sufficient to form a belief as to the allegations contained therein.

11. DENIES having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the complaint.

12. In response to paragraph "12" of the complaint, this answering defendant states that the action has been dismissed against the entity against which the allegations are addressed and, accordingly, no response is required; however, to the extent a response is deemed required, DENIES having knowledge or information sufficient to form a belief as to the allegations contained therein.

13. In response to paragraph "13" of the complaint, this answering defendant states that the action has been dismissed against the entity against which the allegations are addressed and, accordingly, no response is required; however, to the extent a response is deemed required, DENIES having knowledge or information sufficient to form a belief as to the allegations contained therein.

14. DENIES having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the complaint.

15. DENIES the allegations contained in paragraph "15" of the complaint.

16. DENIES the allegations contained in paragraph "16" of the complaint.

17. DENIES the allegations contained in paragraph "17" of the complaint.

18. DENIES the allegations contained in paragraph "18" of the complaint.

19. DENIES the allegations contained in paragraph "19" of the complaint.

20. DENIES the allegations contained in paragraph "20" of the complaint.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION:**

21. In response to paragraph "21" of the complaint, this answering defendant repeats and realleges its answers to paragraphs "1" through "20" above as if fully set forth herein.

22. The allegations contained in paragraph "22" of the complaint state legal conclusions which are for the Court to determine and defendant submits no answer is required. To the extent an answer is deeded required, this answering defendant DENIES the allegations contained therein.

23. DENIES the allegations contained in paragraph "23" of the complaint.

24. DENIES the allegations contained in paragraph "24" of the complaint.

25. DENIES the allegations contained in paragraph "25" of the complaint.

26. DENIES each and every other allegation in all causes of action not heretofore controverted.

**DEFENDANT STATES THE FOLLOWING SEPARATE AND COMPLETE AFFIRMATIVE DEFENSES, UPON INFORMATION AND BELIEF:**

**FIRST AFFIRMATIVE DEFENSE**

27. The injuries and/or damages alleged in the plaintiff's complaint were caused in whole or in part by the culpable conduct, want of care and assumption of risk on the part of the plaintiff and without negligence, fault or want of care on the part of this answering defendant.

**SECOND AFFIRMATIVE DEFENSE**

28. If this answering defendant is found liable to the plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and,

therefore, any recovery by plaintiff for non-economic loss against this answering defendant should be limited to its percentage of liability.

**THIRD AFFIRMATIVE DEFENSE**

29. The plaintiff's complaint fails to state a claim upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

30. The plaintiff's injuries, and/or damages, if any, were caused in whole or in part by a person or persons who are not within the control of this answering defendant.

**FIFTH AFFIRMATIVE DEFENSE**

31. That pursuant to §4545 and other applicable sections of the CPLR, this answering defendant is entitled to a set off against the amount of any verdict of any monies collected from a collateral source of payment as set forth in said law.

**SIXTH AFFIRMATIVE DEFENSE**

32. That in the event there has been a settlement between the plaintiff and any joint tortfeasor, then this answering defendant hereby pleads and seeks the full benefit of §15-108 of the General Obligations Law, that plaintiff's claims against this answering defendant be reduced to the fullest extent permitted by §15-108 of the General Obligations Law.

**SEVENTH AFFIRMATIVE DEFENSE**

33. Plaintiff has failed to mitigate his damages.

**EIGHTH AFFIRMATIVE DEFENSE**

34. Plaintiff's conduct was the sole proximate cause of the incident about which he complains.

**NINTH AFFIRMATIVE DEFENSE**

35. Plaintiff was a recalcitrant worker; and, as such, his claim is barred.

**WHEREFORE,** the defendant demands judgment as follows:

1. Dismissing the third-party complaint herein; and

2. Such other and further relief as to this court may deem just, proper and equitable, together with the costs and disbursements of this action.

DATED: Buffalo, New York
December 27, 2019

NASH CONNORS, PC

/s/ *Philip M. Gulisano*

Philip M. Gulisano, Esq.
Attorneys for Defendant
344 Delaware Avenue, Suite 400
Buffalo, New York 14202
(716) 842-4121

TO: Boyd L. Earl, Esq.
LoTEMPIO P.C. LAW GROUP
Attorneys for Plaintiff
181 Franklin Street
Buffalo, New York 14202
(716) 855-3761

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December 2019, a copy of the foregoing Answer to Complaint was electronically filed using the CM/ECF system with the Clerk of the District Court and served same upon the individual indicated below by mailing a copy of same via U.S. Postal Service to the following:

Boyd L. Earl, Esq.
LoTEMPIO P.C. LAW GROUP
181 Franklin Street
Buffalo, New York 14202
(716) 855-3761

/s/ *Philip M. Gulisano*
______________________________
Philip M. Gulisano, Esq.