# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

ALAN WALTER
1884 Transit Road
Burt, New York 14028,

                      Plaintiff,                **SUMMONS**

    -v-                                                  Index No. _____

CSX TRANSPORTATION, INC.
500 Water Street, 15th Floor
Jacksonville, Florida 32202

CSX CORPORATION
500 Water Street, 15th Floor
Jacksonville, Florida 32202

CSX INTERMODAL TERMINALS, INC.
1252 William Street
Buffalo, NY 14206

CSX TRANSPORTATION, INC.
824 Ohio Street
Buffalo, NY 14203

                      Defendants.

**TO THE ABOVE-NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Plaintiff's attorney, at the address stated below, a written Answer to the attached Complaint.

      If this Summons is served upon you within the State of New York by personal service, you must respond within TWENTY (20) days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York, you must respond within THIRTY (30) days after service is completed, as provided by law.

      If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

This action is brought in the County of Erie because of:

X     Plaintiff's residence;
\_     Defendants' residence, or place of business;
X     Designation made by Plaintiff.

DATED:     October 11, 2019
              Buffalo, New York

                         LoTEMPIO P.C. LAW GROUP

                         /s/BOYD L. EARL, ESQ.
                         BOYD L. EARL, ESQ.
                         *Attorneys for Plaintiff*
                         181 Franklin Street
                         Buffalo, New York  14202
                         (716) 855-3761

FILED: ERIE COUNTY CLERK 10/15/2019 04:52 PM
NYSCEF DOC. NO. 1

Case 1:19-cv-01583-WMS-JJM   Document 30-2   Filed 09/14/21   Page 3 of 9

INDEX NO. 813653/2019
RECEIVED NYSCEF: 10/15/2019

2 of 8

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

ALAN WALTER

                Plaintiff,          **COMPLAINT**

-v-                                     Index No. _____

CSX TRANSPORTATION, INC.
CSX CORPORATION
CSX INTERMODAL TERMINALS, INC.

                Defendants.

Plaintiff, ALAN WALTER, by and through his attorneys, LoTEMPIO P.C. LAW GROUP, for his Complaint against the Defendants, CSX TRANSPORTATION, INC., CSX CORPORATION and CSX INTERMODAL TERMINALS, INC., herein alleges as follows:

### AS AND FOR THE FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANTS, PLAINTIFF ALLEGES:

1. At all times hereinafter relevant, Plaintiff ALAN WALTER, was and still is a resident of the County of Erie and State of New York.

2. Upon information and belief, at all times hereinafter mentioned, Defendant CSX TRANSPORTATION, INC. was and still is a foreign corporation authorized to do business under the laws of the State of New York, and was actually doing business in the State of New York at all times herein mentioned.

3. Upon information and belief, at all times hereinafter mentioned, Defendant CSX CORPORATION was and still is a foreign corporation authorized to do business

under the laws of the State of New York, and was actually doing business in the State of New York at all times herein mentioned.

4. Upon information and belief, at all times hereinafter mentioned, Defendant CSX INTERMODAL TERMINALS, INC. was and still is a foreign corporation authorized to do business under the laws of the State of New York, and was actually doing business in the State of New York at all times herein mentioned.

5. Upon information and belief, in and around July 21, 2017, CSX TRANSPORTATION, INC. owned certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

6. Upon information and belief, in and around July 21, 2017, CSX TRANSPORTATION, INC. managed and maintained certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

7. Upon information and belief, in and around July 21, 2017, CSX CORPORATION owned certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

8. Upon information and belief, in and around July 21, 2017, CSX CORPORATION managed and maintained certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

9. Upon information and belief, in and around July 21, 2017, CSX INTERMODAL TERMINALS, INC. owned certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

10. Upon information and belief, in and around July 21, 2017, CSX INTERMODAL TERMINALS, INC. managed and maintained certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

11. Prior to July 21, 2017, Defendant CSX TRANSPORTATION, INC., entered into contract(s) with Clarke Rigging & Rental Corporation, Inc. for the performance of construction work on the land located at or near Green Street and Reiman Street in Buffalo, New York.

12. Prior to July 21, 2017, Defendant CSX CORPORATION, entered into contract(s) with Clarke Rigging & Rental Corporation, Inc. for the performance of construction work on the land located at or near Green Street and Reiman Street in Buffalo, New York.

13. Prior to July 21, 2017, Defendant CSX INTERMODAL TERMINALS, INC., entered into contract(s) with Clarke Rigging & Rental Corporation, Inc. for the performance of construction/demolition work on the land located at or near Green Street and Reiman Street in Buffalo, New York.

14. At all times herein mentioned, Plaintiff ALAN WALTER was employed by Clarke Riggins & Rental Corporation, Inc.

15. On or about July 21, 2017, while Plaintiff ALAN WALTER was engaged in his employment and lawfully at said premises, Plaintiff was caused to sustain severe and permanent personal injuries through the negligence, carelessness and recklessness of the Defendants and as a result of dangerous, hazardous, defective and unsafe conditions existing thereat.

16. The aforesaid incident occurred solely and wholly as a result of the negligence, carelessness and recklessness of the Defendants herein, their agents, servants and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

17. As a result of the aforesaid incident, Plaintiff ALAN WALTER was caused to sustain severe, painful and permanent injuries; was rendered sick, sore, lame and disabled; was prevented from performing his usual duties and activities; was caused to endure considerable pain and suffering and will be caused to endure pain and suffering in the future.

18. As a result of his injuries, Plaintiff ALAN WALTER has been required to incur considerable medical expenses as a result of his injuries and has sustained a loss of earnings and a loss of earning capacity, and will incur future medical expenses and loss of earnings and loss of earning capacity.

19. Limitations to joint and several liability are not applicable to this action, including, but not limited to, the limitations see forth in New York State CPLR Article 16.

20. That by reason of the foregoing and by reason of the recklessness, carelessness and negligence of the Defendants, their agents, servants and employees, the Plaintiff ALAN WALTER has been damaged in an amount in excess of the jurisdictional limits of all other Courts that would otherwise have jurisdiction over this matter.

## AS AND FOR THE SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANTS, PLAINTIFF ALLEGES:

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" above with the same force and effect as if fully set forth herein.

22. As owners and contractors, Defendants, their officers, agents, servants and employees were required to comply with Section 200, 240 and 241(6) of the New York State Labor Law and the applicable provisions of the Industrial Code of the State of New York, the Federal Occupation Safety and Health Regulations and other laws, rules and regulations.

23. The Defendants, their officers, agents, servants and employees did not comply with Sections 200, 240 and 241(6) of the New York State Labor Law and the applicable provisions of the Industrial Code of the State of New York, the Federal Occupation Safety and Health Regulations and other laws, rules and regulations.

24. As a direct and proximate result of the failure of the Defendants, their officers, agents, servants and employees to comply with and enforce said laws, rules and regulations; the Plaintiff ALAN WALTER sustained serious injuries and damages set forth above.

25. By reason of the foregoing, the Plaintiff ALAN WALTER has been damaged in an amount in excess of the jurisdictional limits of all other Courts that would otherwise have jurisdiction over this matter.

WHEREFORE, the Plaintiff ALAN WALTER, demands judgment against the Defendants as follows:

A. In an amount in excess of the jurisdictional limits of all other Courts that would otherwise have jurisdiction over this matter on the First Cause of Action;

B. In an amount in excess of the jurisdictional limits of all other Courts that would otherwise have jurisdiction over this matter on the Second Cause of Action;

C. Together with the costs and disbursements of this action and for such other and further relief as this Court deems just and proper.

DATED: October 11, 2019
Buffalo, New York

LoTEMPIO P.C. LAW GROUP

/s/BOYD L. EARL, ESQ.
BOYD L. EARL, ESQ.
*Attorneys for Plaintiff*
181 Franklin Street
Buffalo, New York 14202
(716) 855-3761