# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

ALAN WALTER,

                                      Plaintiff,

              - vs -

CSX TRANSPORTATION, INC., CSX CORPORATION,
CSX INTERMODAL TERMINALS, INC.,

                                      Defendants.

**NOTICE OF FILING NOTICE
OF REMOVAL**

Civil Action No. 1:19-cv-1583

Erie County Index No.
813653/2019

PLEASE TAKE NOTICE that the attached Notice of Removal was filed in the United

States District Court for the Western District of New York on November 22, 2019, thereby

removing the captioned civil action to Federal Court pursuant to 28 U.S.C. § 1441.

DATED:      Buffalo, New York
            November 22, 2019

                          NIXON PEABODY LLP

                          By:_____/s/ Mark A. Molloy_____
                                Mark A. Molloy, Esq.
                          40 Fountain Plaza, Suite 500
                          Buffalo, New York 14202
                          Tel: (716) 853-8100
                          E-mail: mmolloy@nixonpeabody.com
                          *Attorneys for Defendants CSX Transportation, Inc.,
                          CSX Corporation and CSX Intermodal Terminals,
                          Inc.*

TO:    Boyd L. Earl, Esq.
       LoTEMPIO P.C. LAW GROUP
       181 Franklin Street
       Buffalo, New York 14202
       Tel: (716) 855-3761
       *Attorneys for Plaintiff*

4824-3785-5917.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALAN WALTER,

Plaintiff,

- vs -                                    **NOTICE OF REMOVAL**

CSX TRANSPORTATION, INC., CSX CORPORATION,    Civil Action No. \_\_\_\_\_
CSX INTERMODAL TERMINALS, INC.,

Defendants.

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, the

Defendants CSX Transportation, Inc. ("CSXT"), CSX Corporation ("CSX"), and CSX

Intermodal Terminals, Inc. ("CSXIT"), by their attorneys Nixon Peabody LLP, hereby remove

the above-captioned action from the State of New York Supreme Court, County of Erie, to the

United States District Court for the Western District of New York on the following grounds:

1.      The plaintiff Alan Walter commenced an action against CSXT, CSX and CSXIT

on or about October 15, 2019 by filing a Summons and Complaint with the Erie County Clerk's

Office, bearing Index No. 813653/2019 ("State Court Action"). A copy of the Summons and

Complaint is attached hereto as **Exhibit A**.

2.      CSXT, CSX, and CSXIT first received a copy of the Summons and Complaint via

service in Jacksonville, Florida on October 23, 2019.

3.      Pursuant to 28 U.S.C. §1446, all process, pleadings, and orders served upon these

Defendants consist only of the Summons and Complaint. A review of the New York State

Courts Electronic Filing System (NYSCEF) reflects that only the Summons and Complaint, and

six affidavits of service have been filed thus far. Attached as **Exhibit B** are copies of the six

affidavits of service. Attached as **Exhibit C** is a copy of the "Document List" from the

4844-1822-2765.1

NYSCEF system showing all documents contained in the Erie County Clerk's Office file. This exhibit reflects that no documents other than the Summons and Complaint and the six affidavits of service have been filed to date. Therefore, according to the Erie County Clerk's file, no further proceedings have taken place in the State Court Action.

4.      In this action, the plaintiff is alleging that he suffered personal injuries as a result of the Defendants' collective negligence. The Complaint also asserts claims under New York Labor Law Sections 200, 240 and 241(6) and applicable provisions of the Industrial Code of the State of New York. (See Complaint ¶¶ 13 -16, 22 and 23).

5.      This Notice of Removal is being filed timely pursuant to 28 U.S.C. §1446(b), as it is within 30 days of service of the initial pleading upon CSXT, CSX, and CSXIT.

## **GROUNDS FOR REMOVAL**

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the plaintiff and the Defendants, and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.      The Complaint alleges and demands damages in an amount "that exceeds the jurisdictional limits of all lower courts." Although the amount in controversy is not specifically stated in his Complaint, the plaintiff alleges that he has suffered permanent injuries, has been rendered unable to perform his normal activities and duties, has sustained past resultant loss, and claims future loss. (See Complaint ¶¶ 17-18, 20 and 25).

8.      The plaintiff, Alan Walter, is an individual who resides in the State of New York, at 1884 Transit Road, Burt, New York. Although the Complaint alleges that Mr. Walter is a resident of Erie County (see Complaint ¶ 1), upon information and belief, his residence on

- 2 -

4844-1822-2765.1

Transit Road in Burt, New York, is located in Niagara County.  For purposes of 28 U.S.C. §

1332(c), the plaintiff is a citizen and resident of the State of New York.

      9.     CSXT was incorporated under the laws of the Commonwealth of Virginia with its

principal place of business located in Jacksonville, Florida.

      10.    CSX Corporation was incorporated under the laws of the Commonwealth of

Virginia with its principal place of business located in Jacksonville, Florida.

      11.    CSXIT was incorporated under the laws of the State of Delaware with its

principal place of business located in Jacksonville, Florida.

      12.    For each of the Defendants, their "nerve centers" and high level officers are

located at the corporate headquarters in Florida, making Florida their principal place of business

for citizenship purposes. *See* Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (U.S. 2010) ("the phrase

'principal place of business' refers to the place where the corporation's high level officers direct,

control, and coordinate the corporation's activities.  Lower federal courts have often

metaphorically called that place the corporation's 'nerve center' [...].  We believe that the 'nerve

center' will typically be found at a corporation's headquarters.")

      13.    As a result, removal based on diversity of citizenship is appropriate under 28

U.S.C. §1441.

      14.    Venue is proper in this District pursuant to 28 U.S.C. §1441(a) because the

United States District Court for Western District of New York is the district and division within

which the State Court Action is pending.  Venue is also proper because the Plaintiff resides

within the District.

      15.    All three Defendants consent to removal of this action.

4844-1822-2765.1

- 3 -

16.    By this Notice of Removal, Defendants do not waive, and expressly reserve, their right to contest personal jurisdiction, the sufficiency of the Complaint, and all other procedural and substantive defects concerning the allegations in the Complaint. Further, personal jurisdiction does not exist over CSX Corporation.

17.    Notice of Filing of this Notice of Removal will be filed with the Clerk of the Supreme Court of New York, Erie County and given to counsel for the Plaintiff.

## CONCLUSION

18.    As is demonstrated above, the requirements of 28 U.S.C. §§ 1332, 1441, and 1446 have been satisfied. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 and original jurisdiction under §1331. This action is one which may be removed to federal district court pursuant to 28 U.S.C. §1441 because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists between the plaintiff and Defendants. Further, this Notice of Removal is timely filed within thirty days of Defendants' first receipt of the initial pleading as required by 28 U.S.C. §1446(b). Removal is therefore proper.

19.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants CSX Transportation, Inc., CSX Corporation and CSX Intermodal Terminals, Inc. hereby remove the action originally filed in the Supreme Court of the

State of New York, County of Erie, bearing Index No. 813653/2019, to the United States District

Court for the Western District of New York.

DATED:      Buffalo, New York
            November 22, 2019


                              NIXON PEABODY LLP


                              By:___/s/ Mark A. Molloy_____
                                     Mark A. Molloy, Esq.
                              40 Fountain Plaza, Suite 500
                              Buffalo, New York 14202
                              Tel: (716) 853-8100
                              E-mail: mmolloy@nixonpeabody.com
                              *Attorneys for Defendants*

TO:    Boyd L. Earl, Esq.
       LoTEMPIO P.C. LAW GROUP
       181 Franklin Street
       Buffalo, New York 14202
       Tel: (716) 855-3761
       *Attorneys for Plaintiff*

4844-1822-2765.1

Case 1:19-cv-01583-WMS-JJM   Document 30-3   Filed 09/14/21   Page 8 of 27
INDEX NO. 813653/2019
NYSCEF DOC. NO. 9      Case 1:19-cv-01583   Document 1-1   Filed 11/22/19   Page 1 of 9
RECEIVED NYSCEF: 11/22/2019

# EXHIBIT A

FILED: ERIE COUNTY CLERK 10/15/2019 04:52 PM
NYSCEF DOC. NO. 1

INDEX NO. 813653/2019
RECEIVED NYSCEF: 10/15/2019

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

ALAN WALTER
1884 Transit Road
Burt, New York 14028,

|  |  |
|---|---|
| Plaintiff, | **SUMMONS** |
| -v- | Index No. _____ |

CSX TRANSPORTATION, INC.
500 Water Street, 15th Floor
Jacksonville, Florida 32202

CSX CORPORATION
500 Water Street, 15th Floor
Jacksonville, Florida 32202

CSX INTERMODAL TERMINALS, INC.
1252 William Street
Buffalo, NY 14206

CSX TRANSPORTATION, INC.
824 Ohio Street
Buffalo, NY 14203

Defendants.

**TO THE ABOVE-NAMED DEFENDANTS:**

   **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the Plaintiff's attorney, at the address stated below, a written Answer to the attached Complaint.

   If this Summons is served upon you within the State of New York by personal service, you must respond within TWENTY (20) days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York, you must respond within THIRTY (30) days after service is completed, as provided by law.

   If you do not respond to the attached Complaint within the applicable time limitation stated above, a Judgment will be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

This action is brought in the County of Erie because of:

X    Plaintiff's residence;

    Defendants' residence, or place of business;

X    Designation made by Plaintiff.

DATED:    October 11, 2019
        Buffalo, New York

                LoTEMPIO P.C. LAW GROUP

                /s/BOYD L. EARL, ESQ.
                BOYD L. EARL, ESQ.
                *Attorneys for Plaintiff*
                181 Franklin Street
                Buffalo, New York  14202
                (716) 855-3761

FILED: ERIE COUNTY CLERK 10/15/2019 04:52 PM      INDEX NO. 813653/2019

NYSCEF DOC. NO. 1      RECEIVED NYSCEF: 10/15/2019

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

ALAN WALTER

|  |  |  |
|---|---|---|
| | Plaintiff, | **COMPLAINT** |
| -v- | | Index No. _____ |

CSX TRANSPORTATION, INC.
CSX CORPORATION
CSX INTERMODAL TERMINALS, INC.

Defendants.

Plaintiff, ALAN WALTER, by and through his attorneys, LoTEMPIO P.C. LAW

GROUP, for his Complaint against the Defendants, CSX TRANSPORTATION, INC.,

CSX CORPORATION and CSX INTERMODAL TERMINALS, INC:, herein alleges as

follows:

### AS AND FOR THE FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANTS, PLAINTIFF ALLEGES:

1.      At all times hereinafter relevant, Plaintiff ALAN WALTER, was and still is a

resident of the County of Erie and State of New York.

2.      Upon information and belief, at all times hereinafter mentioned, Defendant

CSX TRANSPORTATION, INC. was and still is a foreign corporation authorized to do

business under the laws of the State of New York, and was actually doing business in

the State of New York at all times herein mentioned.

3.      Upon information and belief, at all times hereinafter mentioned, Defendant

CSX CORPORATION was and still is a foreign corporation authorized to do business

FILED: ERIE COUNTY CLERK 10/15/2019 04:52 PM                INDEX NO. 813653/2019
NYSCEF DOC. NO. 1                                           RECEIVED NYSCEF: 10/15/2019

under the laws of the State of New York, and was actually doing business in the State of New York at all times herein mentioned.

4.      Upon information and belief, at all times hereinafter mentioned, Defendant CSX INTERMODAL TERMINALS, INC. was and still is a foreign corporation authorized to do business under the laws of the State of New York, and was actually doing business in the State of New York at all times herein mentioned.

5.      Upon information and belief, in and around July 21, 2017, CSX TRANSPORTATION, INC. owned certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

6.      Upon information and belief, in and around July 21, 2017, CSX TRANSPORTATION, INC. managed and maintained certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

7.      Upon information and belief, in and around July 21, 2017, CSX CORPORATION owned certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

8.      Upon information and belief, in and around July 21, 2017, CSX CORPORATION managed and maintained certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

9.      Upon information and belief, in and around July 21, 2017, CSX INTERMODAL TERMINALS, INC. owned certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

10.     Upon information and belief, in and around July 21, 2017, CSX INTERMODAL TERMINALS, INC. managed and maintained certain land and/or structures located at or near the intersections of Green Street and Reiman Street in Buffalo, New York.

11.     Prior to July 21, 2017, Defendant CSX TRANSPORTATION, INC., entered into contract(s) with Clarke Rigging & Rental Corporation, Inc. for the performance of construction work on the land located at or near Green Street and Reiman Street in Buffalo, New York.

12.     Prior to July 21, 2017, Defendant CSX CORPORATION, entered into contract(s) with Clarke Rigging & Rental Corporation, Inc. for the performance of construction work on the land located at or near Green Street and Reiman Street in Buffalo, New York.

13.     Prior to July 21, 2017, Defendant CSX INTERMODAL TERMINALS, INC., entered into contract(s) with Clarke Rigging & Rental Corporation, Inc. for the performance of construction/demolition work on the land located at or near Green Street and Reiman Street in Buffalo, New York.

14.     At all times herein mentioned, Plaintiff ALAN WALTER was employed by Clarke Riggins & Rental Corporation, Inc.

15.     On or about July 21, 2017, while Plaintiff ALAN WALTER was engaged in his employment and lawfully at said premises, Plaintiff was caused to sustain severe and permanent personal injuries through the negligence, carelessness and recklessness of the Defendants and as a result of dangerous, hazardous, defective and unsafe conditions existing thereat.

16.     The aforesaid incident occurred solely and wholly as a result of the negligence, carelessness and recklessness of the Defendants herein, their agents, servants and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

17.     As a result of the aforesaid incident, Plaintiff ALAN WALTER was caused to sustain severe, painful and permanent injuries; was rendered sick, sore, lame and disabled; was prevented from performing his usual duties and activities; was caused to endure considerable pain and suffering and will be caused to endure pain and suffering in the future.

18.     As a result of his injuries, Plaintiff ALAN WALTER has been required to incur considerable medical expenses as a result of his injuries and has sustained a loss of earnings and a loss of earning capacity, and will incur future medical expenses and loss of earnings and loss of earning capacity.

19.     Limitations to joint and several liability are not applicable to this action, including, but not limited to, the limitations see forth in New York State CPLR Article 16.

20.     That by reason of the foregoing and by reason of the recklessness, carelessness and negligence of the Defendants, their agents, servants and employees, the Plaintiff ALAN WALTER has been damaged in an amount in excess of the jurisdictional limits of all other Courts that would otherwise have jurisdiction over this matter.

FILED: ERIE COUNTY CLERK 10/15/2019 04:52 PM          INDEX NO. 813653/2019
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 10/15/2019

## AS AND FOR THE SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANTS, PLAINTIFF ALLEGES:

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" above with the same force and effect as if fully set forth herein.

22.     As owners and contractors, Defendants, their officers, agents, servants and employees were required to comply with Section 200, 240 and 241(6) of the New York State Labor Law and the applicable provisions of the Industrial Code of the State of New York, the Federal Occupation Safety and Health Regulations and other laws, rules and regulations.

23.     The Defendants, their officers, agents, servants and employees did not comply with Sections 200, 240 and 241(6) of the New York State Labor Law and the applicable provisions of the Industrial Code of the State of New York, the Federal Occupation Safety and Health Regulations and other laws, rules and regulations.

24.     As a direct and proximate result of the failure of the Defendants, their officers, agents, servants and employees to comply with and enforce said laws, rules and regulations; the Plaintiff ALAN WALTER sustained serious injuries and damages set forth above.

25.     By reason of the foregoing, the Plaintiff ALAN WALTER has been damaged in an amount in excess of the jurisdictional limits of all other Courts that would otherwise have jurisdiction over this matter.

WHEREFORE, the Plaintiff ALAN WALTER, demands judgment against the Defendants as follows:

FILED: ERIE COUNTY CLERK 10/15/2019 04:52 PM          INDEX NO. 813653/2019
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 10/15/2019

A.    In an amount in excess of the jurisdictional limits of all other Courts that would otherwise have jurisdiction over this matter on the First Cause of Action;

B.    In an amount in excess of the jurisdictional limits of all other Courts that would otherwise have jurisdiction over this matter on the Second Cause of Action;

C.    Together with the costs and disbursements of this action and for such other and further relief as this Court deems just and proper.


DATED:      October 11, 2019
            Buffalo, New York


                        LoTEMPIO P.C. LAW GROUP


                        /s/BOYD L. EARL, ESQ.
                        BOYD L. EARL, ESQ.
                        *Attorneys for Plaintiff*
                        181 Franklin Street
                        Buffalo, New York  14202
                        (716) 855-3761

# EXHIBIT B

INDEX NO. 813653/2019
FILED: ERIE COUNTY CLERK 11/22/2019 11:46 AM   INDEX NO. 813653/2019
NYSCEF DOC. NO. 3                                RECEIVED NYSCEF: 11/22/2019
NYSCEF DOC. NO. 3                                RECEIVED NYSCEF: 11/19/2019



**AFFIDAVIT OF SERVICE**

| | |
|---|---|
| STATE OF NEW YORK | |
| SUPREME COURT : COUNTY OF ERIE | Index No. 813653/2019 |

ALAN WALTER                                            plaintiff (s)

                              vs.

CSX TRANSPORTATION, INC.,
CSX CORPORATION
CSX INTERMODAL TERMINALS, INC.,
CSX TRANSPORTATION, INC.                               defendant (s)

State of New York, County of Albany, NY ss:

Claudine Beauparlant, being duly sworn, deposes and says that deponent is over 18 years of age and not a party to this action; that on November 6, 2019, at approximately 1:45 pm, at 99 Washington Avenue, Suite 600, Albany, NY 12210, deponent served the annexed SUMMONS SERVED WITH COMPLAINT and NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING on CSX Intermodal Terminals, Inc, in the following manner;

RESPONSIBLE          By delivering to and leaving with Nancy Dougherty a true copy thereof, a
PERSON               person of suitable age and discretion. Said premises the Secretary of State, within
                     the State of New York.

DESCRIPTION          The person served would be described as approximately 55 years of age, 5 feet 2
                     inches tall, 140 pounds, female, brown hair, fair skin and blue eyes.

Sworn to before me this 18th
day of ____, 2019

_____                                _____
Notary Public                                          Claudine Beauparlant
Jodi F. Williams
Notary Public, State of New York
Qualified in Erie County
Reg # 01WI6087655
My Commission Expires on 2/18/2023

FILED: ERIE COUNTY CLERK 11/22/2019 11:46 AM    INDEX NO. 813653/2019
NYSCEF DOC. NO. 4    RECEIVED NYSCEF: 11/19/2019



**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE                      Index No. 813653/2019

ALAN WALTER                                                    plaintiff (s)

                                            vs.

CSX TRANSPORTATION, INC.,
CSX CORPORATION
CSX INTERMODAL TERMINALS, INC.,
CSX TRANSPORTATION, INC,                              defendant (s)

State of New York, County of  Albany, NY  ss:

Claudine Beauparlant, being duly sworn, deposes and says that deponent is over 18 years of age and not a party to this action; that on October 23, 2019, at approximately 9:48 am, at 99 Washington Avenue, Suite 600, Albany, NY 12210, deponent served the annexed SUMMONS SERVED WITH COMPLAINT and NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING under Unauthorized Foreign Entities, Business Corporations Law 307, on CSX Corporation, in the following manner;

RESPONSIBLE          By delivering to and leaving with Sue Zouky a true copy thereof, a
PERSON               person of suitable age and discretion. Said premises the Secretary of State, within the State of New York.

DESCRIPTION          The person served would be described as approximately 50 years of age, 5 feet 0 inches tall, 120 pounds, female, blonde hair, fair skin and blue eyes.

Sworn to before me this 1st
day of  Nov    , 2019

_____                              _____
Notary Public                                            Claudine Beauparlant
Jodi F. Williams
Notary Public, State of New York
Qualified in Erie County
Reg # 01WI6087655
My Commission Expires on 2/18/2023

FILED: ERIE COUNTY CLERK 11/22/2019 02:46 PM   INDEX NO. 813653/2019
NYSCEF DOC. NO. 5                                                    RECEIVED NYSCEF: 11/22/2019
                                                                    RECEIVED NYSCEF: 11/19/2019



**EMPIRE**
**STATE PROCESS SERVICE**

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE                    Index No. 813653/2019

ALAN WALTER                                                plaintiff (s)
                                         vs.

CSX TRANSPORTATION, INC.,
CSX CORPORATION
CSX INTERMODAL TERMINALS, INC.,
CSX TRANSPORTATION, INC.                              defendant (s)

State of New York, County of Albany, NY  ss:

Claudine Beaupriant, being duly sworn, deposes and says that deponent is over 18 years of age and not a party to this action; that on November 6, 2019, at approximately 1:45 pm, at 99 Washington Avenue, Suite 600, Albany, NY 12210, deponent served the annexed SUMMONS SERVED WITH COMPLAINT and NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING on CSX Intermodal Terminals, Inc, in the following manner;

RESPONSIBLE          By, delivering to and leaving with Nancy Dougherty a true copy thereof, a
PERSON               person of suitable age and discretion. Said premises the Secretary of State, within
                     the State of New York.

DESCRIPTION          The person served would be described as approximately 55 years of age, 5 feet 2
                     inches tall, 140 pounds, female, brown hair, fair skin and blue eyes.

Sworn to before me this 18th
day of ____, 201 9                                    _Claudine Beauprant_
_____                                Claudine Beauprant
    Notary Public
Jodi F. Williams
Notary Public, State of New York
Qualified in Erie County
Reg # 01WI6087655
My Commission Expires on 2/18/2023

FILED: ERIE COUNTY CLERK 11/19/2019 02:48 PM    INDEX NO. 813653/2019
NYSCEF DOC. NO. 6    RECEIVED NYSCEF: 11/19/2019



## EMPIRE
### STATE PROCESS SERVICE

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK
SUPREME COURT ; COUNTY OF ERIE    Index No. 813653/2019

ALAN WALTER    plaintiff (s)

vs.

CSX TRANSPORTATION, INC.,
CSX CORPORATION
CSX INTERMODAL TERMINALS, INC.,
CSX TRANSPORTATION, INC.    defendant (s)

State of New York, County of Albany, NY ss:

Claudine Beauparlant, being duly sworn, deposes and says that deponent is over 18 years of age and not a party to this action; that on October 23, 2019, at approximately 9:48 am, at 99 Washington Avenue, Suite 600, Albany, NY 12210, deponent served the annexed SUMMONS SERVED WITH COMPLAINT and NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING on CSX Transportation, in the following manner;

RESPONSIBLE
PERSON
By delivering to and leaving with Sue Zouky a true copy thereof, a person of suitable age and discretion. Said premises the Secretary of State, within the State of New York.

DESCRIPTION
The person served would be described as approximately 50 years of age, 5 feet 0 inches tall, 120 pounds, female, blonde hair, fair skin and blue eyes.

Sworn to before me this 1st
day of NW , 2019

_____
Notary Public
Jodi F. Williams
Notary Public, State of New York
Qualified in Erie County
Reg # 01WI6087655
My Commission Expires on 2/18/2023

_____
Claudine Beauparlant

FILED: ERIE COUNTY CLERK 11/19/2019 02:48 PM   INDEX NO. 813653/2019
NYSCEF DOC. NO. 7                                 RECEIVED NYSCEF: 11/19/2019

INDEX NO. 813653/2019
RECEIVED NYSCEF: 11/22/19   Page 6 of 9
RECEIVED NYSCEF: 11/22/19

## RETURN OF SERVICE

### Supreme Court of the State of New York
### County of Erie

Index Number: 813653/2019

**ALAN WALTER,**
     **Plaintiff/Petitioner,**

-against-

**CSX TRANSPORTATION, INC.; CSX CORPORATION;**
**CSX INTERMODAL TERMINALS, INC.;**
**CSX TRANSPORTATION, INC.,**
     **Defendant/Respondent.**

_____/

For Attorney: Boyd L. Earl, Esq., LoTempio P.C. Law Group, 181 Franklin Street, Buffalo, New York 14202

Received on October 21, 2019 at 11:53 a.m. to be served upon: **CSX Corporation, 500 Water Street, 15th Floor, Jacksonville, FL 32202**

I, Steven Cook, do hereby affirm that on the 23rd day of October, 2019 at 11:09 a.m., I did the following:

Served a Corporation by delivering a true copy of the **Notice of Electronic Filing, Summons and Complaint**, with the date and hour of service endorsed thereon by me, to: **Cathy Hill**, an individual employed therein as the Director of Legal Operations and authorized to accept service for: **CSX Corporation, 500 Water Street, 15th Floor, Jacksonville, FL 32202.**

**Additional Information:** Sex: F / Race: W / Hair: Brown / Weight: 130 lbs / Height: 5'5 / Glasses: Y / Age: 50

The service date, time, my initials and/or name, and identification number, if required by state statute, were listed on the document served.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial circuit in which the process was served.

Steven Cook
#1254
Probe Services Professional Investigations
PO Box 815
Buffalo, NY 14225

State of Florida
County of Duval
Subscribed and sworn to before me on the 28 day of
October, 2019 by the affiant who is personally known to me / produced identification.

Notary Public
Print Name  Leslie Feight

LESLIE FEIGHT
Commission # GG 228527
Expires August 15, 2022
Bonded Thru Troy Fain Insurance 800-385-7019

813653/2019
FILED: ERIE COUNTY CLERK 11/19/2019 02:48 PM   INDEX NO. 813653/2019
NYSCEF DOC. NO. 8                              RECEIVED NYSCEF: 11/19/2019

NYSCEF DOC. NO. 9   11/22/19   Page 7   INDEX NO. 813653/2019
                                        RECEIVED NYSCEF: 11/22/2019

## RETURN OF SERVICE

**Supreme Court of the State of New York**
**County of Erie**

Index Number: 813653/2019

**ALAN WALTER,**
        Plaintiff/Petitioner,
-against-
**CSX TRANSPORTATION, INC.; CSX CORPORATION;**
**CSX INTERMODAL TERMINALS, INC.;**
**CSX TRANSPORTATION, INC.,**
        Defendant/Respondent.

_____/

For Attorney: Boyd L. Earl, Esq., LoTempio P.C. Law Group, 181 Franklin Street, Buffalo, New York 14202

Received on October 21, 2019 at 11:53 a.m. to be served upon: CSX Transportation, Inc., 500 Water Street, 15th Floor, Jacksonville, FL 32202

I, Steven Cook, do hereby affirm that on the 23rd day of October, 2019 at 11:09 a.m., I did the following:

Served a Corporation by delivering a true copy of the Notice of Electronic Filing, Summons and Complaint, with the date and hour of service endorsed thereon by me, to: Cathy Hilf, an individual employed therein as the Director of Legal Operations and authorized to accept service for: CSX Transportation, Inc., 500 Water Street, 15th Floor, Jacksonville, FL 32202.

Additional Information: Sex: F / Race: W / Hair: Brown / Weight: 130 lbs / Height: 5'5 / Glasses: Y / Age: 50

The service date, time, my initials and/or name, and identification number, if required by state statute, were listed on the document served.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial circuit in which the process was served.

Steven Cook
#1254
Probe Services Professional Investigations
PO Box 815
Buffalo, NY 14225

State of Florida
County of Duval
Subscribed and sworn to before me on the 28 day of
October, 2019 by the affiant who is personally known to me / produced identification.

Notary Public
Print Name Leslie Feight

LESLIE FEIGHT
Commission # GG 329327
Expires August 16, 2022
Bonded Thru Troy Fain Insurance 800-385-7019

# EXHIBIT C

**NYSCEF**
Erie County Supreme Court

**Document List**
Index # 813653/2019

Created on:11/22/2019 09:29 AM

Case Caption:   **Alan Walter v. CSX Transportation, Inc. et al**
Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 10/15/2019 | Earl, B. |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE | Returned For Correction | 11/19/2019 | Earl, B. |
| 3 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 11/19/2019 | Earl, B. |
| 4 | AFFIRMATION/AFFIDAVIT OF SERVICE - *Corrected* | Processed | 11/19/2019 | Earl, B. |
| 5 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 11/19/2019 | Earl, B. |
| 6 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 11/19/2019 | Earl, B. |
| 7 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 11/19/2019 | Earl, B. |
| 8 | AFFIRMATION/AFFIDAVIT OF SERVICE | Processed | 11/19/2019 | Earl, B. |

Page 1 of 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALAN WALTER,

                                    Plaintiff,

              - vs -

CSX TRANSPORTATION, INC., CSX CORPORATION,
CSX INTERMODAL TERMINALS, INC.,

                                    Defendants.

**CERTIFICATE OF SERVICE**

Civil Action No. _____

The undersigned attorney hereby certifies that on November 22, 2019, a copy of the

foregoing Notice of Removal was served via the U.S. Postal Service upon the following:

    Boyd L. Earl, Esq.
    LoTEMPIO P.C. LAW GROUP
    181 Franklin Street
    Buffalo, New York 14202
    Tel: (716) 855-3761
    *Attorneys for Plaintiff*

                          NIXON PEABODY LLP

                          By:____/s/ Mark A. Molloy_____
                              Mark A. Molloy, Esq.
                          40 Fountain Plaza, Suite 500
                          Buffalo, New York 14202
                          Tel: (716) 853-8100
                          E-mail: mmolloy@nixonpeabody.com
                          *Attorneys for Defendants*

4844-1822-2765.1

Case 1:19-cv-01583-WMS-JJM   Document 30-3   Filed 09/14/21   Page 27 of 27
INDEX NO. 813653/2019
NYSCEF DOC. NO. 9   Case 1:19-cv-01583   Document 1-5   Filed 11/22/19   Page 26 of 1
RECEIVED NYSCEF: 11/22/2019

JS 44   (Rev. 02/19)
# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALAN WALTER

**DEFENDANTS** CSX TRANSPORTATION, INC., CSX CORPORATION and CSX INTERMODAL TERMINALS, INC.

**(b)** County of Residence of First Listed Plaintiff   Niagara
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   State of Florida
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Boyd L. Earl, LoTempio P.C. Law Group, 181 Franklin Street, Buffalo, New York 14202, 716-855-3761

Attorneys *(If Known)*
Mark A. Molloy, Nixon Peabody LLP, 40 Fountain Plaza, Suite 500, Buffalo, New York 14202, 716-853-8100

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 690 Other | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding

☒ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332, 1441(b) and 1446
Brief description of cause:
Alleged Personal Injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE   11/22/2019
SIGNATURE OF ATTORNEY OF RECORD   /s/ Mark A. Molloy, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____