UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALAN WALTER,

                      Plaintiff,          Civil Case No.:

v.                                               1:19-cv-01583-WMS

CSX TRANSPORTATION, INC.,

                      Defendant.

---

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

STATE OF NEW YORK   )
                              ) ss:
COUNTY OF ERIE        )

**PHILIP M. GULISANO**, being duly sworn, deposes and says:

1.     I am an attorney admitted to the courts of the State of New York and the United States District Court for the Western District of New York. I am a partner in the firm Nash Connors, P.C., attorneys for defendant CSX Transportation, Inc. ("CSX") in this action. I make this affidavit in support of CSX's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

2.     This case arises out of an accident that allegedly occurred on July 21, 2017. At that time, plaintiff Alan Walter ("plaintiff") was injured during the course of his employment when he allegedly stepped into an opening in a trailer deck that existed because of a missing wooden plank. Plaintiff asserts claims sounding in negligence and pursuant to New York Labor Law §§ 200, 240(1), and 241(6).

3. As more fully set forth in the accompanying Memorandum of Law, CSX is entitled to summary judgement, and dismissal of plaintiff's complaint in its entirety, for the following reasons:

   a. Plaintiff's **negligence and Labor Law § 200 claims** must be dismissed as a matter of law because it is irrefutable that CSX exercised no supervisory control over the work that plaintiff was performing at the time of the alleged accident. In addition, CSX did not cause the missing plank and also had no notice or knowledge of the missing plank.

   b. Plaintiff's **Labor Law § 240(1) claim** must be dismissed as a matter of law because plaintiff stepping through an opening in a trailer deck – an opening that existed solely due to a missing single, wooden plank and which was only one to one-and-a-half feet deep – does not involve a gravity-related hazard against which Labor Law §240(1) was designed to protect.

   c. Plaintiff's **Labor Law § 241(6) claim** must be dismissed as a matter of law because none of the alleged New York Industrial Code provisions apply to the facts of this case.

4. Submitted with this motion is a Statement of Material Facts. Each fact is supported by reference to testimony, pleading or other document submitted as exhibits in support of this motion. The Statement of Material Facts was prepared with good faith attention to the evidentiary materials supporting each fact, and is incorporated in its entirety herein by reference.

3. The exhibits supporting this motion and filed herewith are as follows:

- **Exhibit A** – Plaintiff's Verified Complaint, dated October 11, 2019;

- **Exhibit B** – Defendants' Notice of Removal (without attached exhibits), dated November 22, 2019;
- **Exhibit C** – Defendant's Answer, dated December 27, 2019;
- **Exhibit D** – Plaintiff's Responses to Interrogatories, dated October 13, 2020;
- **Exhibit E** – Deposition Transcript of John Clark of non-party Clark Rigging;
- **Exhibit F** – Deposition Transcript of Plaintiff Alan Walter;
- **Exhibit G** – Deposition Transcript of David Pirro of CSX;
- **Exhibit H** – Three Photographs of Lowboy Trailer taken by Plaintiff; and
- **Exhibit I** – Photograph Marked by Plaintiff with "X" to Show Location Where Plaintiff Stepped in Opening in Deck of Lowboy Trailer.

4. The legal bases for the relief sought herein are set forth in the accompanying Memorandum of Law.

WHEREFORE, for the reasons set forth herein, in the Statement of Material Facts and Memorandum of Law, defendant CSX respectfully requests this Court issue an Order dismissing plaintiff's complaint, in its entirety, and grant such other and further relief as this Court deems just and proper.

Philip M. Gulisano, Esq.

Sworn to before me this
15th day of September, 2021.

Notary Public

JULIE J. BEYER
Notary Public, State of New York
Qualified in Erie County
My Commission Expires July 17, 20__

3