# **EXHIBIT B**

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

ALAN WALTER,

                                      Plaintiff,

- vs -

CSX TRANSPORTATION, INC., CSX CORPORATION,
CSX INTERMODAL TERMINALS, INC.,

                                     Defendants.

**NOTICE OF FILING NOTICE OF REMOVAL**

Civil Action No. 1:19-cv-1583

Erie County Index No. 813653/2019

PLEASE TAKE NOTICE that the attached Notice of Removal was filed in the United States District Court for the Western District of New York on November 22, 2019, thereby removing the captioned civil action to Federal Court pursuant to 28 U.S.C. § 1441.

DATED:    Buffalo, New York
               November 22, 2019

                                      NIXON PEABODY LLP

                                      By:    /s/ Mark A. Molloy
                                             Mark A. Molloy, Esq.
                                     40 Fountain Plaza, Suite 500
                                     Buffalo, New York 14202
                                     Tel: (716) 853-8100
                                     E-mail: mmolloy@nixonpeabody.com
                                     *Attorneys for Defendants CSX Transportation, Inc., CSX Corporation and CSX Intermodal Terminals, Inc.*

TO:    Boyd L. Earl, Esq.
         LoTEMPIO P.C. LAW GROUP
         181 Franklin Street
         Buffalo, New York 14202
         Tel: (716) 855-3761
         *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALAN WALTER,

                                        Plaintiff,

- vs -

CSX TRANSPORTATION, INC., CSX CORPORATION,
CSX INTERMODAL TERMINALS, INC.,

                                        Defendants.

**NOTICE OF REMOVAL**

Civil Action No. _____

        **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, the Defendants CSX Transportation, Inc. ("CSXT"), CSX Corporation ("CSX"), and CSX Intermodal Terminals, Inc. ("CSXIT"), by their attorneys Nixon Peabody LLP, hereby remove the above-captioned action from the State of New York Supreme Court, County of Erie, to the United States District Court for the Western District of New York on the following grounds:

        1.        The plaintiff Alan Walter commenced an action against CSXT, CSX and CSXIT on or about October 15, 2019 by filing a Summons and Complaint with the Erie County Clerk's Office, bearing Index No. 813653/2019 ("State Court Action"). A copy of the Summons and Complaint is attached hereto as **Exhibit A**.

        2.        CSXT, CSX, and CSXIT first received a copy of the Summons and Complaint via service in Jacksonville, Florida on October 23, 2019.

        3.        Pursuant to 28 U.S.C. §1446, all process, pleadings, and orders served upon these Defendants consist only of the Summons and Complaint. A review of the New York State Courts Electronic Filing System (NYSCEF) reflects that only the Summons and Complaint, and six affidavits of service have been filed thus far. Attached as **Exhibit B** are copies of the six affidavits of service. Attached as **Exhibit C** is a copy of the "Document List" from the

NYSCEF system showing all documents contained in the Erie County Clerk's Office file. This exhibit reflects that no documents other than the Summons and Complaint and the six affidavits of service have been filed to date. Therefore, according to the Erie County Clerk's file, no further proceedings have taken place in the State Court Action.

4.  In this action, the plaintiff is alleging that he suffered personal injuries as a result of the Defendants' collective negligence. The Complaint also asserts claims under New York Labor Law Sections 200, 240 and 241(6) and applicable provisions of the Industrial Code of the State of New York. (See Complaint ¶¶ 13 -16, 22 and 23).

5.  This Notice of Removal is being filed timely pursuant to 28 U.S.C. §1446(b), as it is within 30 days of service of the initial pleading upon CSXT, CSX, and CSXIT.

## GROUNDS FOR REMOVAL

6.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the plaintiff and the Defendants, and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.  The Complaint alleges and demands damages in an amount "that exceeds the jurisdictional limits of all lower courts." Although the amount in controversy is not specifically stated in his Complaint, the plaintiff alleges that he has suffered permanent injuries, has been rendered unable to perform his normal activities and duties, has sustained past resultant loss, and claims future loss. (See Complaint ¶¶ 17-18, 20 and 25).

8.  The plaintiff, Alan Walter, is an individual who resides in the State of New York, at 1884 Transit Road, Burt, New York. Although the Complaint alleges that Mr. Walter is a resident of Erie County (see Complaint ¶ 1), upon information and belief, his residence on

Transit Road in Burt, New York, is located in Niagara County. For purposes of 28 U.S.C. § 1332(c), the plaintiff is a citizen and resident of the State of New York.

9.  CSXT was incorporated under the laws of the Commonwealth of Virginia with its principal place of business located in Jacksonville, Florida.

10. CSX Corporation was incorporated under the laws of the Commonwealth of Virginia with its principal place of business located in Jacksonville, Florida.

11. CSXIT was incorporated under the laws of the State of Delaware with its principal place of business located in Jacksonville, Florida.

12. For each of the Defendants, their "nerve centers" and high level officers are located at the corporate headquarters in Florida, making Florida their principal place of business for citizenship purposes. *See* Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (U.S. 2010) ("the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center' […]. We believe that the 'nerve center' will typically be found at a corporation's headquarters.")

13. As a result, removal based on diversity of citizenship is appropriate under 28 U.S.C. §1441.

14. Venue is proper in this District pursuant to 28 U.S.C. §1441(a) because the United States District Court for Western District of New York is the district and division within which the State Court Action is pending. Venue is also proper because the Plaintiff resides within the District.

15. All three Defendants consent to removal of this action.

16. By this Notice of Removal, Defendants do not waive, and expressly reserve, their right to contest personal jurisdiction, the sufficiency of the Complaint, and all other procedural and substantive defects concerning the allegations in the Complaint. Further, personal jurisdiction does not exist over CSX Corporation.

17. Notice of Filing of this Notice of Removal will be filed with the Clerk of the Supreme Court of New York, Erie County and given to counsel for the Plaintiff.

## CONCLUSION

18. As is demonstrated above, the requirements of 28 U.S.C. §§ 1332, 1441, and 1446 have been satisfied. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 and original jurisdiction under §1331. This action is one which may be removed to federal district court pursuant to 28 U.S.C. §1441 because it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists between the plaintiff and Defendants. Further, this Notice of Removal is timely filed within thirty days of Defendants' first receipt of the initial pleading as required by 28 U.S.C. §1446(b). Removal is therefore proper.

19. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants CSX Transportation, Inc., CSX Corporation and CSX Intermodal Terminals, Inc. hereby remove the action originally filed in the Supreme Court of the

FILED: ERIE COUNTY CLERK 11/22/2019 11:53 AM                INDEX NO. 813653/2019
NYSCEF DOC. NO. 9              Case 1:19-cv-01583-JJM Document 1 Filed 11/22/19 Page 5 of 5                RECEIVED NYSCEF: 11/22/2019
Case 1:19-cv-01583-WMS-JJM Document 32-3 Filed 09/15/21 Page 7 of 7

State of New York, County of Erie, bearing Index No. 813653/2019, to the United States District Court for the Western District of New York.

DATED:   Buffalo, New York
         November 22, 2019

                              NIXON PEABODY LLP

                              By: /s/ Mark A. Molloy
                                  Mark A. Molloy, Esq.
                              40 Fountain Plaza, Suite 500
                              Buffalo, New York 14202
                              Tel: (716) 853-8100
                              E-mail: mmolloy@nixonpeabody.com
                              *Attorneys for Defendants*

TO:   Boyd L. Earl, Esq.
      LoTEMPIO P.C. LAW GROUP
      181 Franklin Street
      Buffalo, New York 14202
      Tel: (716) 855-3761
      *Attorneys for Plaintiff*