# **<u>EXHIBIT D</u>**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**ALAN WALTER**

                                        **Plaintiff,**

        -vs-

**CSX TRANSPORATION, INC.**

                                        **Defendant.**

**PLAINTIFF'S RESPONSE
TO DEFENDANT'S FIRST
SET OF INTERROGATORIES**

**1:19-CV-01583-WMS**

---

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil

Procedure, Plaintiff Alan Walter responds to Defendant CSX Transportation, Inc.'s First Set of

Interrogatories as follows:

        1.      Please fully identify yourself, including your full name (and any other names you

have used in the past), residential address (for the past 10 years), business address and telephone

number, occupation, date of birth and social security number.

        **RESPONSE**:  Plaintiff's full name is Alan Gary Walter.  He resides at ███████████

Burt, NY 14028, and has lived there for the past 10 years.  His date of birth is ███████████

1967 and his social security number is ████████.

        2.      State plaintiff's educational background, giving dates and places of attendance,

high schools attended, colleges attended, special apprenticeships programs attended, or any other

special education institutes attended, and any military service performed and type of discharge

received.

        **RESPONSE**:  Plaintiff attended Cheektowaga Central High School from 1981 to 1985.

He attended American Driver Training Academy in or around 1988. With regard to military service, he attended boot camp, but was discharged.

      3.      State whether plaintiff has ever been convicted of a felony or misdemeanor and, if so, state the nature of the felony or misdemeanor, the date of conviction, the court and place of conviction with the docket number and the sentence imposed.

      **RESPONSE**: No.

      4.      State the date and approximate time of the occurrence which gives rise to the injuries alleged in the complaint; and specify as accurately as possible the exact place where the event/accident occurred, with particular reference to stationary objects, which statement could be utilized to locate the exact point of the alleged event/accident.

      **RESPONSE**: The occurrence happened on July 21, 2017, at or around 2:45 p.m. The accident occurred near the intersection of Reiman Street and Greene Street in the Lovejoy District of Buffalo, New York, where Clark Rigging & Rental Corporation ("Clark Rigging") was hired to remove a railroad bridge.

      5.      State in narrative terms the manner in which it will be claimed the subject accident occurred, and identify any written or recorded report, account or description of the incident prepared by any governmental official or any other person. Include a precise description of any devices the injured plaintiff was holding or using, the activity he/she was involved in, any instrumentalities that allegedly caused the injuries and the work being performed in which you claim is protected by the Labor Law.

      **RESPONSE**: Mr. Walter's employer, Clark Rigging, was hired to demolish and replace a certain structure—a railroad bridge—which places Mr. Walter's claim under the protection of New York Labor Law. On July 21, 2017, a "600 crane" was being delivered to the job site via a

tractor and lowboy trailer.  The crane was placed on the trailer in such a manner that it covered

the portion of the deck that was missing a plank of wood.  The missing plank created an opening

on the deck of the trailer, but the opening was not visible because of the crane.  Mr. Walter was

assisting to control the load with a tagline as it was being lifted off the trailer.  As he was

watching the crane, he stepped forward and fell through the opening, a distance of approximately

one (1) or two (2) feet, striking his right knee as he fell.  Pain shot up his right leg and into his

spine and neck.  Mr. Walter sustained injuries to his right knee and low back because of the

accident.

      6.     If plaintiff claims or will claim that defendant and/or any other individual or

entity violated some statute, ordinance, rule, regulation, or standard, set forth each section of any

such statute, ordinance, rule, regulation, or standard together with a statement explaining how the

section was violated by the particular defendants, individual, or entity and how the violation

caused or contributed to the event/accident.

      **RESPONSE**:

      <u>Labor Law 200(1)</u>:   "All places to which this chapter applies shall be so

constructed, equipped, arranged, operated and conducted as to provide reasonable and

adequate protection to the lives, health and safety of all persons employed therein or

lawfully frequenting such places.  All machinery, equipment, and devices in such places

shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate

protection to all such persons."  The Clark Rigging employees were lawfully on the

premises subject to the control of CSX Transportation.  CSX Transportation was required

to reasonably and adequately protect the Clark Rigging employees, including Mr. Walter.

Labor Law 240(1):    "All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." CSX Corporation contracted with Clark Rigging, wherefore the roles were as follows: CSX Corporation as contractor, and Clark Rigging as subcontractor.  CSX Transportation, as a subsidiary of CSX Corporation, is an agent of the contractor, owing the same duties of care and protection to Clark Rigging's employees.  Clark Rigging was tasked with the demolition of a train bridge; therefore, CSX Transportation was required to provide devices to make the area safe.  CSX's failure to ensure the lowboy trailer was safe (i.e., not missing a plank) is a violation of its statutory duties, making it liable for Mr. Walter's serious and permanent injuries.

Labor Law 241(6):    "All contractors and owners and their agents . . . when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirement: * * * All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." CSX Transportation, as agent of CSX Corporation, owed a duty of care to Clark Rigging employees during the project.  The duty to protect workers in "all areas in which . . . demolition work is being performed" was breached when Mr. Walter was injured while unloading the crane on the premises.

Additionally, it will be claimed that the Defendant may have violated the following
sections of the NYS Industrial Code:

NYCRR Section 23-1.7

NYCRR Section 23-1.16

NYCRR Section 23-1.22

NYCRR Section 23-1.32

NYCRR Section 23-24

The Plaintiff reserves the right to supplement the response to this demand at the
end of pretrial discovery, should the proof show that other sections of the laws or
regulations were violated.

7.      State specifically each act or omission to act on the part of the defendant,
individual or entity that plaintiff will claim constituted negligence, together with a particular
statement of each and every other act or omission to act that plaintiff will claim constituted
culpable conduct on the part of the defendant.

**RESPONSE**: Under Labor Laws, CSX Transportation had a duty to protect people
lawfully on the premises who were engaged in certain construction work, in this case, the
demolition and replacement of a railroad bridge.  CSX Transportation did not make sure the
premises was safe, or that the equipment used on the premises was safe.  But-for the failure to
ensure that equipment on the premises was safe, Mr. Walter would not have been injured (i.e., he
would not have fallen through the trailer that was missing the plank of wood).  It was foreseeable
that people on the premises could be injured because of the nature of the work (demolition of a
large structure).  Mr. Walter sustained injuries to his right knee, low back and neck, lost wages,
and medical expenses as a result of CSX Transportation's negligence.

8.      If it is claimed that the accident complained of was the result of some physical condition on the premises owned, occupied, leased by, or under the control of the defendant, or a condition for which defendant is charged with control or responsibility by statute or regulation, set forth:

      a.      A precise statement as to the nature of the condition complained of;

            **RESPONSE**:  Mr. Walter was injured on the premises, CSX Transportation contracted with Clark Rigging, CSX had the duty ensure the safety of workers on the premises.

      b.      A statement as to the precise location of the condition complained of;

            **RESPONSE**:  Near the intersection of Reiman Street and Greene Street in the Lovejoy District of Buffalo, New York, where the railroad bridge was to be demolished and replaced, for which the tractor and lowboy trailer were brought onto the premises under the control of CSX Transportation.

      c.      A statement as to the length of time such condition existed prior to the accident;

            **RESPONSE**:  Plaintiff is unaware of the length of time.

      d.      The cause of this condition;

            **RESPONSE**:  Plaintiff is unaware of the cause of the condition.

      e.      The name of the person or persons who caused or contributed to the condition;

            **RESPONSE**:  Plaintiff is unaware of the person who caused/contributed to the condition.

f.     A statement as to whether there was actual or constructive knowledge of said condition or conditions on the part of any defendants;

> **RESPONSE**: Defendant is charged with constructive notice
>
> regarding the condition of equipment on the premises.

g.     If constructive notice will be claimed, state the manner, way or item which plaintiff will claim constitutes constructive notice, together with the length of time plaintiff will claim the defendants should have had notice of the alleged condition;

> **RESPONSE**: Clark Rigging was hired to demolish and replace a
>
> railroad bridge, which is a large structure. There is the possibility
>
> that someone would get hurt because of the nature of the job.  It is
>
> reasonable for CSX to know that the premises should be made
>
> safe, including the use of equipment.

h.     If actual notice will be claimed on the part of any defendants, set forth the name and address of the person(s) on behalf of the defendants whom plaintiff will claim had actual knowledge of the condition, together with a statement as to the length of time prior to the accident it will be claimed said person(s) had such knowledge, the type of notice received, whether oral or written, together with the name and address of the person(s) who delivered said notice to defendants, and the date on which said notice was delivered;

> **RESPONSE**: N/A

i.     If it is claimed that the actual notice was in writing, attach a true copy of that writing hereto.  If said writing is not available, describe it in sufficient detain to permit identification; and

> **RESPONSE**: N/A

j.     If it is claimed that the actual notice was oral, set forth the sum and substance thereof, and to whom said notice was given.

> **RESPONSE**: N/A

9.     State the basis that defendants violated Labor Law § 200.

**RESPONSE**:  See ¶ 6

10.     State the basis that defendants violated Labor Law § 240(1).

**RESPONSE**:  See ¶ 6

11.     State the basis that defendant violated Labor Law § 241(6).  In addition, cite all violations of the Industrial Code Regulations that plaintiffs allege occurred in this incident.

**RESPONSE**:  See ¶ 6

12.     Please identify any eyewitnesses to the occurrence giving rise to this litigation and any persons other than eyewitnesses, whom you know of, or have been told exist, who have any information or knowledge of what caused the occurrence giving rise to this litigation or who have information or knowledge as to the manner in which it happened.  For each such witness, please identify the date, time, place, and substance of any statements made by the witness concerning the aforementioned subject and indicate whether such statements were oral or written and who is in possession of such statements.

**RESPONSE**:  William Mersmann is an eyewitness to the accident.  He composed a written statement on April 1, 2020, chronicling the events that occurred on July 21, 2017, the date of the accident.  At the time, Mr. Mersmann was operating that smaller crane that was lifting the 600 crane off of the trailer.  He saw Plaintiff fall through the hole in the deck of the trailer and noticed that Plaintiff was injured as a result.  Other witnesses known to Plaintiff are John Clark, Lee Buttons, and Richard Rydza.

13.     As to every injury of any kind whatsoever that you contend you received as a result of the incident giving rise to your claim, please list and describe each such injury and the symptoms thereof (including the duration of such symptoms) in specific detail.  If you now have

any physical, mental or emotional complaints, impairments or disabilities on account of any injuries received in the incident, state which, if any, of such complaints, impairments or disabilities you claim are permanent, including the basis for your contention and the name(s) of the physician(s) or other health care provider(s) making such prognosis or supporting such claim (If this interrogatory is answered to any extent by the attachment of, and/or reference to, any medical records or reports, you are asked to list each such report by source and date, to specify the specific entries which you deem responsive to this Interrogatory, and to identify the nature, extent and duration of each injury).

**RESPONSE**:  Plaintiff sustained injuries to his right knee and low back as a result of the accident.  He is permanently temporarily disabled with respect to his right knee and low back. He experiences extreme pain in his low back, which impairs his ability to engage in activities and is limited in bending as a result of the pain.  Plaintiff has developed mental/emotional complaints as a result of the accident, indicating that he has suffered from depression and had suicidal thoughts within the past year-and-one-half to two years.  Dr. Roger and Dr. Bassig can attest to the complaints, as well as his counselor, Shannon, at BestSelf Behavioral Health.

Plaintiff objects to this Interrogatory to the extent that it is unduly burdensome.  Plaintiff refers to the attached medical records.  Without waiving the objection, Plaintiff responds as follows:

Plaintiff sustained, and continues to suffer from, the following injuries as a result of the July 21, 2017 accident: spinal stenosis, lumbar region without neurogenic claudication; spinal stenosis, lumbosacral region; spondylosis without myelopathy or radiculopathy, lumbar region; spondylosis without myelopathy or radiculopathy lumbosacral region; spinal stenosis, lumbar region with neurogenic claudication; other intervertebral disc displacement, lumbar region; post-

laminectomy syndrome; other spondylosis with radiculopathy, lumbar region; other bursal cyst; recurrent L4-5, L5-S1 spinal stenosis with spondylosis; residual herniated disc with foraminal stenosis, L4-5, L5-S1.  He experiences extreme pain in his low back, which impairs his ability to engage in activities, and is limited in bending as a result of the pain.  This low back pain radiates through his hips into both of his legs.  To date, Plaintiff remains permanently disabled because of his injuries.

Plaintiff has developed mental/emotional complaints as a result of the accident, indicating that he has suffered from depression and had suicidal thoughts within the past year-and-one-half to two years.  Namely, Dr. Roger, Dr. Bassig and Dr. Cicchetti can attest to the complaints, as well as his counselor, Shannon, at BestSelf Behavioral Health.


14.     Please state the names and addresses of all hospitals, clinics, doctors, practitioners, nurses, therapists or other healthcare providers who consulted with, diagnosed, examined, treated, or cared for you for injuries you contend were caused by the defendant as a result of the incident giving rise to your claim; the nature and dates of such consultations, examinations, or treatments; and the itemized charges for such services.  Please attach copies of any and all statements for services rendered and reports which you or your attorney have received from providers.  If you were hospitalized, state the dates of such hospitalizations; and if you were confined in bed at home, the dates of such confinement.

**RESPONSE**: Plaintiff objects to this Interrogatory to the extent that it is unduly burdensome.  Without waiving the objection, Plaintiff responds as follows: Plaintiff is not in possession of any invoices for services rendered; to the extent there are invoices, if any, those

documents may be included with the medical records.  Plaintiff was treated by the following

providers:

> Catherine Huber, SPT
> Kevin Klein, PT
> Mallory Petrus, DPT
> Bryan Wolfley, PT
> *Body Mechanix Physical Therapy, PLLC*
> 5848 Snyder Drive
> Lockport, New York 14094
>
> Phillip A. Baum, M.D.
> Jasbeer S. Makhija, M.D.
> *Buffalo General Hospital*
> 100 High Street
> Buffalo, New York 14203
>
> Michael Cicchetti, M.D.
> Frederick M. McAdam, M.D.
> Hannah Fink, PA
> John Paolini, PA
> *Buffalo Spine & Sports Medicine*
> 100 College Pkwy., Suite 100
> Williamsville, New York 14221
>
> Edgar Bassig, M.D.
> *Crystal Springs Medical, PC*
> 6101 Robinson Road
> Lockport, New York 14094
>
> Shahir Aiad, M.D.
> Frank Mascaro, M.D.
> *Eastern Niagara Hospital*
> 521 East Avenue
> Lockport, New York 14094
>
> Eric P. Roger, M.D.
> 869 Delaware Ave., Suite 1
> Buffalo, New York 14209

Eric P. Roger, M.D.
Neal Siejka, PA
*Eric P. Roger, MD PLLC*
700 Michigan Ave, Suite 210
Buffalo, New York 14203

Mark Howard, PT
*Howard Physical Therapy, PLLC*
4721 Transit Road
Depew, New York 14043

Richard Kanoff, D.O.
2871 Genesee Street
Cheektowaga, New York 14225

August J. Domenico, Jr., D.C.
David J. Lewis, Jr., D.C.
*Lockport Chiropractic*
6612 Lincoln Avenue
Lockport, New York 14094

Monica Luthra, D.O.
*Luthra Medical Associates*
2075 Kensington Ave.
Snyder, New York 14226

Mark Perry, M.D.
*Niagara Falls Memorial Medical Center*
621 10th Street,
Niagara Falls, New York 14301

John Syracuse, M.D.
*Newfane Family Chiropractic, PC*
2733 Main Street
Newfane, New York 14108

Emily Battaglia, M.D.
Dennis Chugh, M.D.
*Northtowns Cardiology PLLC*
5530 Sheridan Drive, Suite 2
Williamsville, New York 14221

Scott P. Cholewinski, M.D.
Richard Kessler, M.D.
*Seton Imaging*
3799 Commerce Ct., Suite 200
North Tonawanda, New York 14120

Judy Ann Joy-Pardi, M.D.
*Suburban Cardiology, P.C.*
831 Maple Road
Williamsville, New York 14221

David L. Bagnall, M.D.
*UBMD Orthopaedics & Sports Medicine*
4949 Harlem Road
Amherst, New York 14226

Michael R. Stoffman, M.D.
*UB Neurosurgery*
6930 Williams Road, #3800
Niagara Falls, New York 14304

Joseph E. Serghany, M.D.
Gregory Tymchak, M.D.
*WNY Imaging Group*
222 Genesee Street
Buffalo, New York 14203

Plaintiff reserves the right to supplement and/or amend his response to this Interrogatory.

15.     If all or part of your claim is that a previous injury, disease, or condition has been

aggravated, accelerated, or exacerbated as a result of the subject incident, describe in detail the

nature of the injury, disease or condition, the first date of onset of the injury or condition, the

manner and extent to which it has been aggravated, accelerated, or exacerbated, the name and

address of each physician and/or health care provider who has examined or treated you for such

pre-existing injury or prior condition, and the approximate dates of such examination or

treatment.  Also, if you have ever had any similar medical condition, injury, or disability and/or

any similar aching, pain, or discomfort prior or subsequent to the incident, please give a full and

complete description of each such condition, injury or disability, including the time and circumstances of the occurrence, the frequency and duration of those difficulties, and the name and address of all health care providers whom you consulted and/or who provided treatment regarding such condition, injury or disability.

**RESPONSE**:  Plaintiff does not have any previous injuries, diseases or conditions that were aggravated or exacerbated, nor has he suffered any similar injuries in the past.

16.    State whether you have ever been assigned a disability rating at any time by any person; if so, state the rating assigned, the injury for which the rating was assigned, the date it was assigned, and identify the person, organization, commission or board which assigned the rating and all documents which set forth the rating.

**RESPONSE**:  Mr. Walter received the following disability ratings:

9/14/2017 – 100% temporary impairment; Eric Roger, MD Neurosurgery
10/4/2017 – 100% total impairment; Buffalo Spine and Sports Medicine
1/9/2018 –  100% total impairment; Buffalo Spine and Sports Medicine
1/15/2018 – 100% temporary impairment; Eric Roger, MD Neurosurgery
2/13/2018 – 100% temporary impairment; Eric Roger, MD Neurosurgery
4/10/2018 – 100% temporary impairment; Eric Roger, MD Neurosurgery
4/17/2018 –   76% disability in spine; Body Mechanix Physical Therapy
6/12/2018 – 100% temporary impairment; Eric Roger, MD Neurosurgery
7/24/2018 – 100% temporary impairment; Eric Roger, MD Neurosurgery
10/23/2018 - 100% temporary impairment; Eric Roger, MD Neurosurgery
2/13/2019 – 74% disability score, low back pain; Mark Howard, PT
2/14/2019 – 100% temporary impairment; Eric Roger, MD Neurosurgery
4/16/2019 – 100% temporary impairment; Eric Roger, MD Neurosurgery
5/14/2019 – 100% temporary impairment; Eric Roger, MD Neurosurgery

Copies of Plaintiff's medical records are enclosed on the CD.

17.    Describe any physical or mental activities that you were accustomed to performing prior to the subject incident that you claim you have been prevented from

performing.  For each activity, state whether you have been temporarily or permanently

prevented from performing the activity.

     **RESPONSE**: As a result of Plaintiff's injuries, especially in his low back, he is limited

with how far he can bend.  Because of this limitation, he consistently has trouble getting dressed

in the morning, specifically putting on shoes, socks, and pants.  With respect to recreational

activities, he was an avid hunter prior to the accident; he can no longer hunt because he cannot

sit for extended periods of time and the temperature changes affect his ability to tolerate the pain.

His inability to stand/sit for extended periods of time has prevented him from being able to mow

the lawn.  As a result of the accident, Plaintiff has also developed mental issues, namely social

anxiety—he feels as though he cannot leave the house and interact with others.  He has also

developed suicidal thoughts.  Furthermore, because of both the physical and mental impact the

accident has had, he cannot play with his two-year-old grandson.  To date, his injuries have

permanently prevented him from engaging in these activities.

     18.    Please state an itemization of your claim for damages, including all losses and

expenses which you have incurred in the past, which you expect to incur in the future, or which

have been incurred on your behalf as a result of the alleged occurrence.  Please include in your

answer, without limitation, the date of each expense or loss, a full description of each expense or

loss, and the amount in dollars and cents of each expense or loss.  Please do not merely refer to

attached medical records or bills unless you also provide the requested itemization (If there are

damages, losses and/or expenses you have incurred or believe you will incur as to which you

presently lack complete information regarding the details or amounts, please specify the

existence and nature of such losses and expenses along with all other information presently

available to you, and supplement your answer in a timely manner upon receipt of additional

responsive information regarding such losses and expenses).

RESPONSE:   The plaintiff will claim an unliquidated amount of damages for past and

future pain and suffering in the total amount of $5,000,000.  Additionally, we are providing

copies of all medical bills currently contained in our file.  Additionally, we have requested

information regarding the Plaintiff's workers compensation lien amount, and will provide that as

soon as it is received.  Finally, the plaintiff will claim past and future lost wages, medical

expenses as well as other economic damages in the total amount of $2,000,000.  The plaintiff

reserves the right to amend or supplement the response to this demand, as more information

becomes available.

Plaintiff objects to this Interrogatory to the extent that it is unduly burdensome.  Without

waiving the objection, Plaintiff responds as follows: The plaintiff will claim an unliquidated

amount of damages for past and future pain and suffering in the total amount of $5,000,000.

Additionally, we are providing copies of all medical bills currently contained in our file.

Additionally, we have requested information regarding the Plaintiff's workers compensation lien

amount, and will provide that as soon as it is received.  Finally, the plaintiff will claim past and

future lost wages, medical expenses as well as other economic damages in the total amount of

$2,000,000.  The plaintiff reserves the right to amend or supplement the response to this demand,

as more information becomes available.

19.    State whether you expect to receive and/or incur expenses for future medical

treatment for the injuries allegedly caused by the defendant, and if so, state the nature and

amount claimed for each such future expense, and identify the basis for the expectation.  Your

answer should include, without limitation, the identity of every medical professional who has

communicated that you would require such future medical treatment, the date of such

communication, and a description of all documents that reflect or contain such communication,

with sufficient detail to enable this defendant to refer to it in a request for production of

documents.

**RESPONSE**:  Plaintiff claims he will incur future medical expenses.  Plaintiff is still

treating with Dr. Roger with respect to his spine and low back; specifically, Plaintiff is scheduled

to see Dr. Roger at the end of the year to have a CT scan done to monitor the bone fusion.

Plaintiff recently began treating with a counselor at BestSelf Behavioral Health, for which he

will continue treatment.

20.     If you are claiming that you suffered lost wages, lost income, or loss of earning

capacity as a consequence of the injuries you allegedly sustained in the subject occurrence,

please state the following:

        a.     The name, address, and telephone number of the business where you were
                employed at the time of the occurrence, the name of your supervisor or
                manager, your position with this business and your duties (including but
                not limited to any physical activities necessary to do your job), and the
                rate of pay you were earning at the time of the occurrence;

                **RESPONSE**:  At the time of the incident, Mr. Walter was

                employed by Clark Rigging & Rental Corporation, headquartered

                at 500 Ohio St., Lockport, New York 14094, (716) 433-4600.  Mr.

                Walter was employed as a truck driver; his duties included driving

                the trucks, setting up cranes, and hauling heavy materials.  He

                received $22.50/hr. at the time of the accident (raises were

                awarded every July in varying amounts) and worked 40+ hrs. per

                week.

b.  Every date you were unable to work or lost time from work as a consequence of the occurrence, the number of hours you would have worked on each such date had you been able to work, and the net and gross amount you would have earned had you been able to work. Please include in your answer, without limitation, a description of any modifications to your usual duties or other special arrangements that were made, that were offered by or discussed with your employer, and/or that you requested in order to accommodate your claimed injuries and permit your return to work;

> **RESPONSE**: Mr. Walter's last regular workday was July 21,
> 2017, the date of the incident. He returned to work on or around
> September 5, 2017, engaging in light duty work. However, even
> light duty work was intolerable because the nature of the work
> required a lot of bending and lifting/manual labor. On or around
> September 7, 2017, he stopped working. He has not been able to
> work at all since that date. Had Mr. Walter been able to work, he
> would have continued working 40+ hrs. per week at a rate of
> $22.50/hr.

c.  Why you missed work on each such date, including whether you were under a physician's instructions not to work on each of these dates, and if so, the name, address, and telephone number of the physician;

> **RESPONSE**: Plaintiff could not physically engage in the duties
> required by the nature of his employment since the pain in his back
> was exacerbated with lifting. Plaintiff also had multiple surgeries,
> which further prevented him from returning to work. Dr. Roger
> advised that Plaintiff should not be working.

d.  Whether your employer actually paid you for the days or hours missed even though you were unable to work;

**RESPONSE**:  Plaintiff was not paid for the time he missed from

work.

e.      The total amount of your claim for lost wages, lost income, and/or loss of
earning capacity (including any continuing and/or future wage loss claim)
and precisely how you calculated that amount.  Please attach any
documentation of your lost wages, lost income and/or loss of earning
capacity in your possession or the possession of your attorney to your
responses hereto.

**RESPONSE**: As indicated above, we have requested the
information regarding the workers compensation lien from the carrier and
will provide same, as well as an authorization to obtain the Worker's
compensation file, which includes information regarding the plaintiff's
rate of pay at the time of the accident.  We are also providing copies of the
W-2 forms that the plaintiff has in his possession.  It will be claimed that
the plaintiff earned approximately $50,000 per year before the accident,
which would have increased over time.  Additionally,  it may be claimed
that the plaintiff has lost benefits due him, should he have been able to
continue his employment, had this accident not occurred.  Upon
information and belief, an economist or other expert may be retained to
further delineate all losses, and the plaintiff reserves the right to
supplement this response with further information, as it becomes
available.

21.     Please identify all of your employers for the past ten years, and as to each, state

the employer's name and address, the dates of commencement and termination of your

employment, the reason for termination, a detailed description of your position and the work you

performed in connection with the employment, and the name of your last supervisor.

**RESPONSE**:  Within the past ten (10) years, Plaintiff has worked for the following

companies:

September 7, 2017 – Present: Out of work because of injuries sustained in July
21, 2017 incident

Clark Rigging & Rental Corporation (2013 – 2017)
500 Ohio St., Lockport, N.Y. 14094
     -Position: Truck Driver

-Duties: drove the trucks; set up cranes; hauled heavy materials
-Employment terminated because of injuries sustained July 21, 2017

VPC Fiberglass
10478 Ridge Road, Medina, New York 14103
   -Position: Craftsman
   -Duties: build molder, sheds and walls, build toll booths, cut holes for
   windows/doors
   -Employment not terminated; job change

Cragco Inc.
1974 Langdon Road, Ransomville, New York 14131
   -Position: Driver / Dispatcher / Leadman
   -Employment was not terminated; job change

Atlas Van Lines
   -Position: Truck Driver / Mover

22.     Please state the identity and address of each person whom you expect to call as an expert witness at the trial of this case, and as to each such witness, state the subject matter on which he or she is expected to testify, the substance of the facts and opinions to which the expert witness is expected to testify, and a summary of the grounds for each opinion.

**RESPONSE**: Plaintiff has not yet identified an expert witness to testify at trial.

23.     Are you aware of any statement(s) made by any employee or representative of defendant and/or any conversation(s) which any employee or representative of defendant had with anyone, pertaining to the occurrence giving rise to this litigation?  If so, please provide the details of such statement(s) and/or conversation(s), as nearly verbatim as you are able, and identify all persons who were present at the time of such statement(s) and/or conversation(s) and state the date and time thereof.  If recorded in any manner, identify who possesses such statement or conversation.  If recorded in any manner, please attach copies of said statement(s).

**RESPONSE**: Plaintiff is not aware of any such statements.

24.    Are you currently a Medicare beneficiary or covered by a Medicare Advantage

Organization (MAO)?  If so, please identify any and all amounts that have been paid by

Medicare or the MAO in satisfaction of medical expenses from any healthcare provider involved

in the treatment of injuries you are claiming in this lawsuit.  Please outline any communications

that you have had with Medicare or the MAO and specifically any Medicare secondary payor

contractor regarding their lien.  If you are not currently a beneficiary of Medicare or a Medicare

Advantage Organization, do you anticipate becoming one during the pendency of this litigation?

To the extent you become a Medicare of MAO beneficiary during the pendency of this litigation,

please be sure to supplement your discovery responses accordingly so that the defendant can

comply with the Medicare regulations.  See 42 U.S.C. 1395(y)(b)(8) otherwise known as

Medicare, Medicaid and S-CHIP Extension Act of 2007 ("MMSEA"), Section 111.

*(PLEASE NOTE THAT IN THE EVENT THAT YOU ARE A MEDICIARE BENEFICIARY, YOU
SHOULD CONSIDER ANY OFFER OF SETTLEMENT TO CONTAIN THE FOLLOWING
CONDITIONS: (1) SETTLEMENT FUNDS WILL NOT BE PAID UNTIL SUCH TIME AS
MEDICARE HAS ISSUED A FORMAL RECOVERY DEMAND LETTER, AND (2) MEDICARE
WILL BE PAID FIRST OUT OF ANY SETTLEMENT PROCEEDS.  THESE CONDITIONS
WILL APPLY EVEN IF NOT MENTIONED AGAIN DURING ANY SETTLEMENT
NEGOTIATIONS.)*

**RESPONSE**:  Plaintiff is not a Medicare beneficiary, is not covered by a Medicare

Advantage Organization (MAO), and does not anticipate becoming a beneficiary of Medicare or

a MAO during the pendency of this litigation.

25.    Provide an itemized statement of each and every other item of loss not heretofore

mentioned in which plaintiff will seek to charge the defendant upon the trial of this action

together with the amount of damages claimed for each item.

**RESPONSE**:  See responses above regarding same.  It will be claimed that the past and

future damages for pain and suffering amount to $5,000,000 and the past and future economic

damages amount to $2,000,000.  The plaintiff reserves the right to supplement the response to

this demand at the end of pretrial discovery.

DATED:      Buffalo, New York
                October 13, 2020

**LOTEMPIO P.C. LAW GROUP**

By:    /s/BOYD L. EARL, ESQ.
       Boyd L. Earl, Esq.
       *Attorneys for Plaintiff*
       181 Franklin Street
       Buffalo, New York 14202
       Phone: (716) 855-3761
       Email: boydearl@gmail.com

TO:    Philip M. Gulisano, Esq.
       NASH CONNORS, P.C.
       *Attorneys for Defendant*
       344 Delaware Avenue, Suite 400
       Buffalo, New York 14202
       Phone: (716) 842-4121