UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALAN WALTER,

                                Plaintiff,           Civil Case No.:

v.                                           1:19-cv-01583-WMS

CSX TRANSPORTATION, INC.,

                                Defendant.

_____

## DEFENDANT'S OPPOSING STATEMENT PURSUANT TO LOCAL RULE 56(a)(2) AND COUNTERSTATEMENT OF FACTS

Defendant CSX Transportation, Inc. ("CSX" or "defendant") submits this Opposing Statement pursuant to Local Rule 56(a)(2) in response to plaintiff's Statement of Material Facts, with each numbered paragraph corresponding with plaintiff's numbered paragraphs, followed by a counterstatement of facts setting forth additional material facts omitted from plaintiff's Statement of Material Facts:

### DEFENDANT'S OPPOSING STATEMENT

1.      Admits.

2.      Admits.

3.      Admits.

4.      Admits.

5.      Admits.

6.      Admits that Clark Rigging began assembly of a "600-crane" on July 21, 2017.

7.      Admits.

8.      Admits.

9.      Admits.

10.     Admits that CSX was the owner of the property upon which the bridge structures were being removed.

11.     Admits.

12.     Admits.

13.     Denies to the extent that plaintiff incorrectly limits and therefore mischaracterizes plaintiff's role on this site.  Plaintiff omits that plaintiff's job duties included transporting cranes and crane components to work sites and assisting with the setup of the cranes.  **Plaintiff's Exhibit ("Ex.") G**, at pp. 38, 46.

14.     Admits.

15.     Admits.

16.     Admits.

17.     Admits.

18.     Admits.

19.     Admits.

20.     Admits.

21.     Denies to the extent that plaintiff incorrectly states that plaintiff "fell through the trailer."  Plaintiff did not fall through anything.  Plaintiff omits that plaintiff testified that after plaintiff's right foot stepped into the portion of the lowboy trailer deck that was missing a plank, plaintiff's left foot remained on the deck of the trailer as plaintiff's right foot remained in the opening only "a split-second."  **Plaintiff's Ex. G**, at p. 132.  Plaintiff's right foot "went in and out" of the opening and he "kept going."  **Plaintiff's Ex. G**, at p. 144.

22.     Admits, although plaintiff omits that plaintiff testified that the height of the wooden deck on which plaintiff was standing was approximately "*a foot*, foot-and-a-half" above the ground. **Plaintiff's Ex. G**, at pp. 110, 117.

23.     Admits.

24.     Admits.

25.     Denies to the extent this statement is offered as a legal conclusion as opposed to a statement simply reflecting the opinion of a single witness.

## DEFENDANT'S COUNTERSTATEMENT OF FACTS

26.     On July 20, 2017 (the day before the alleged accident), plaintiff assisted with the loading of a 65-ton "smaller crane" onto a lowboy trailer. **Plaintiff's Ex. G**, at pp. 63, 64.

27.     The next morning, on July 21, 2017, plaintiff drove the tractor and attached lowboy trailer (and 65-ton crane) to a location in Buffalo and dropped off the crane to John Clark. **Plaintiff's Ex. G**, at pp. 63, 65, 66, 67.

28.     Next, plaintiff dropped off the empty lowboy trailer at a staging area in Sloan, NY, and then proceeded back to where the 600-ton crane was being assembled. **Plaintiff's Ex. G**, at pp. 68, 69, 71.

29.     A number of Clark Rigging employees were there, including John Clark and Bill Mersman, the operator of the smaller crane being used to assist with the assembly of the 600-ton crane. **Plaintiff's Ex. G**, at pp. 71, 73, 147.

30.     After assisting with the attachment of the boom to the 600-crane, plaintiff drove his tractor back to the yard to retrieve another lowboy trailer (one that already had a winch on it) and then returned with the tractor, lowboy trailer, and winch to the site. **Plaintiff's Ex. G**, at pp. 73-77, 83, 94, 101.

31.     Upon arriving back at the site, plaintiff exited his tractor and unchained the winch from the lowboy trailer. **Plaintiff's Ex. G**, at p. 105.

32.     The lowboy trailer was approximately 24 to 26 feet long and 8 to 9 feet wide, "more towards eight foot [wide]." **Plaintiff's Ex. G**, at pp. 88, 89.

33.     William Mersman of Clark Rigging was operating the smaller crane, and the boom of the smaller crane was attached to the winch. **Plaintiff's Ex. G**, at pp. 106, 107.

34.     Also, John Clark tied a tagline (a piece of rope) to the winch. **Plaintiff's Ex. G**, at p. 106.

35.     While standing on the wooden deck of the lowboy trailer, plaintiff picked up the tagline. **Plaintiff's Ex. G**, at pp. 110, 114.

36.     The winch was initially hoisted a few inches off the trailer platform, during which time plaintiff did nothing with the tag line, which remained loose. **Plaintiff's Ex. G**, at p. 114.

37.     As the winch started to move as it was being hoisted by the smaller crane, plaintiff proceeded to walk on the lowboy trailer deck. **Plaintiff's Ex. G**, at p. 116.

38.     Plaintiff described the accident as follows:

Q:  So describe for me what happened as you're following the winch.

A:  I'm walking with it, watching them guys, watching the winch, and I took the three to five steps, went down into the hole.  I whacked my right knee.

**Plaintiff's Ex. G**, at p. 118.

39.     Plaintiff denied that he slipped or tripped and, instead, confirmed that he stepped with his right foot directly into the opening in the deck of the lowboy trailer. **Plaintiff's Ex. G**, at pp. 119, 126.

40. At his deposition, plaintiff authenticated three photographs of the lowboy trailer that he took on the date of the accident before leaving the scene. **Plaintiff's Ex. G**, at pp. 103, 104; **Defendant's Ex. A**.

41. Plaintiff also marked with an "X" the exact location where he stepped with his foot into the opening in the trailer platform that had existed due to the missing plank. **Plaintiff's Ex. G**, p. 120; **Defendant's Ex. B**.

42. After momentarily stepping into the opening, plaintiff did not let go of the tag line, continuing performing his task, and the winch was hoisted to the 600-ton crane. **Plaintiff's Ex. G**, at pp. 132, 133, 144.

43. At all times the winch moved steadily and as intended, and nothing went wrong with the tag line either. **Plaintiff's Ex. G**, at p. 126.

Dated: October 13, 2021                    Respectfully submitted,

                                           NASH CONNORS, P.C.

                                           */s/ Philip M. Gulisano*

                                           _____
                                           Philip M. Gulisano, Esq.
                                           Attorneys for Defendant
                                           344 Delaware Avenue, Suite 400
                                           Buffalo, New York 14202
                                           (716) 842-4121