UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALAN WALTER

                Plaintiff,         **AFFIRMATION IN FURTHER SUPPORT OF PLAINITFF'S MOTION FOR SUMMARY JUDGMENT**

-vs-

CSX TRANSPORTATION, INC.        Docket No.: 1:19-cv-01583-WMS-JJM

                Defendant.

---

BOYD L. EARL, ESQ., hereby affirms under penalty of perjury:

1. I am an attorney at law duly licensed to practice in the Courts of the State of New York, and am associated with the law firm LoTempio P.C. Law Group, 181 Franklin Street, Buffalo, New York 14202.

2. I am the attorney of record for Alan Walter, the Plaintiff in the above-captioned action. As such, I am fully familiar with the facts and circumstances set forth herein.

3. I respectfully submit this Affirmation in further support of Plaintiff's Motion for Summary Judgment.

4. The Plaintiff's right foot stepped and fell into a hole on the Syracuse lowboy trailer caused by a missing plank and sustained serious and permanent injuries.

5. The Plaintiff did not slip or trip into the hole.

6. The Plaintiff has repeatedly stated that a plank should have been provided to Plaintiff as a protective safety device to prevent his injury.

7. A wooden plank would neither have disrupted nor impeded the Plaintiff's ability to carry out his duties, namely Plaintiff's ability to manage the tagline as he guided the winch.

8. Had a plank been provided to Plaintiff, the hole would have been covered, and the injury would have been prevented.

9. The Plaintiff in this matter was required to be on the trailer bed to maneuver the tagline and focus upwards on the winch being hoisted in the air.

10. The Plaintiff had no expectation of descent from the trailer bed.

11. The hole in the deck of the trailer was approximately one foot by three to four feet long.

12. The truck bed was elevated above the ground approximately one foot to one foot and a half.

13. Defendant has failed to cite to a case that has the same size hole to show that Plaintiff could not have fallen through the hole in the low-boy trailer.

14. Defendant, CSX Transportation, Inc., has failed to deny that they were the owners of the property wherein the Plaintiff's accident occurred.

15. We incorporate by reference hereto Plaintiff's responding papers to Defendant's Motion for Summary Judgment, which are listed on the docket as Document numbers 35, 36 and 37.

16. The Defendant has clearly failed to show that there is no genuine issue of material fact that [1] no risk existed which Labor Law § 240(1) was designed to protect, and [2] that the alleged Industrial Code section does not support the Labor Law § 241(6) claim, as is further set forth in the Plaintiff's Motion for Summary Judgment and Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment.

WHEREFORE, your affiant respectfully requests this Court enter an Order as follows:

1. Granting Plaintiff's Motion for Summary Judgment; and

    2. For such other and further relief as this Court may deem just and proper.

Affirmed this 25th day of October, 2021.

/s/BOYD L. EARL, ESQ.
BOYD L. EARL, ESQ.