UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALAN WALTER,

                          Plaintiff,        Civil Case No.:
v.                                                      1:19-cv-01583-WMS

CSX TRANSPORTATION, INC.,

                          Defendant.
_____

**AFFIDAVIT IN FURTHER SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

STATE OF NEW YORK    )
                                 ) ss:
COUNTY OF ERIE        )

**PHILIP M. GULISANO**, being duly sworn, deposes and says:

1.    I am an attorney admitted to the courts of the State of New York and the United States District Court for the Western District of New York therein. I am a partner in the firm Nash Connors, P.C., attorneys for defendant CSX Transportation, Inc. ("CSX" or "defendant") in this action.

2.    I make this affidavit in further support of defendant's motion for summary judgment.

3.    Plaintiff has not opposed the portion of defendant's motion seeking dismissal of plaintiff's negligence and New York Labor Law ("Labor Law") § 200 claims. As a result, those claims should be summarily dismissed.

4.    Regarding the portion of defendant's motion seeking dismissal of plaintiff's Labor Law § 240(1) claim, plaintiff has failed to cite to one single case involving a truck or trailer in which a New York Court has held that Labor Law § 240(1) *does* apply.

5. Furthermore, plaintiff has failed to distinguish in any meaningful way the nine analogous and controlling cases cited by defendant in defendant's Memorandum of Law, all of which involve trailers or other construction vehicles. Plaintiff instead (primarily if not entirely) relies on two cases, neither of which is even remotely similar to the facts of this matter, since neither case involves a flatbed trailer, much less any type of construction vehicle.

6. Regarding the portion of defendant's motion seeking dismissal of plaintiff's Labor Law § 241(6) claim, plaintiff has failed to rebut defendant's *prima facie* showing of its entitlement to summary judgment to dismiss that cause of action. Simply stated, the sole Industrial Code relied upon by plaintiff in support of this claim, namely, Industrial Code section 23-1.7(b), does not apply to the facts of this case. Plaintiff stepped into an opening presented by one single missing plank on a lowboy trailer deck and therefore struck his knee. However, plaintiff did not – and could not – fall all the way through the hole and the hole cannot be characterized as a "hazardous opening."

7. Defendant respectfully requests that the Court grant its motion for summary judgment and dismiss all causes of action in the Complaint.

Philip M. Gulisano

Sworn to before me this
27th day of October, 2021.

Notary Public

JULIE J. BEYER
Notary Public, State of New York
Qualified in Erie County
My Commission Expires July 17 20_22_